In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00155-CR


______________________________




STEVE SCOTT WILT, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court at Law


Lamar County, Texas


Trial Court No. 41427




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Steve Scott Wilt appeals his conviction by a jury for resisting arrest, a Class A misdemeanor. 
See Tex. Pen. Code Ann. § 38.03(c) (Vernon 1994). The jury assessed his punishment at 365 days'
confinement in the county jail, but recommended that the trial court suspend the imposition of his
sentence and that he be placed on two years' community supervision. The trial court sentenced him
accordingly.

 In the same proceeding, Wilt was also convicted of evading arrest and detention and of
criminal trespass. He was sentenced to 180 days' confinement for the evading arrest and detention
offense and three months' confinement for the resisting arrest offense, but the trial court suspended
the imposition of both sentences and placed him on two years' community supervision for each
conviction. Wilt has also filed appeals from those convictions, which we address in separate
opinions.

 The record shows the trial court pronounced sentence May 1, 2002. Wilt filed a motion for
new trial May 31, 2002. Rule 26.2(a)(2) requires the notice of appeal to be filed "within 90 days
after the day sentence is imposed or suspended in open court if the defendant timely files a motion
for new trial." Tex. R. App. P. 26.2(a)(2).

 The motion for new trial was timely, see Tex. R. App. P. 21.4(a), making the notice of appeal
due by July 30, 2002. The notice of appeal was filed on August 14, 2002. Therefore, the notice of
appeal is untimely, and this Court is without jurisdiction over the appeal. Olivo v. State, 918 S.W.2d
519, 522 (Tex. Crim. App. 1996). (1)

 The appeal is dismissed for want of jurisdiction.


 Ben Z. Grant

 Justice


Date Submitted: September 26, 2002

Date Decided: September 27, 2002


Do Not Publish
1. In Olivo, the Texas Court of Criminal Appeals noted the denial of a meaningful appeal
because of ineffective assistance of counsel is a proper ground for habeas corpus relief. Olivo v.
State, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); see also Tex. Code Crim. Proc. Ann. art.
11.07 (Vernon Supp. 2001).



trict court acting as a magistrate at a court of inquiry in the court of appeals district." Tex. Gov't
Code Ann. § 22.221(b) (Vernon 2004). James seeks a writ of mandamus against a district clerk.
Because the clerk is not a proper party against which mandamus relief may be brought in this Court,
we deny James's petition for writ of mandamus against the Harrison County District Clerk for lack
of jurisdiction. In re Phillips, No. 06-07-00057-CV, 2007 WL 1202773 (Tex. App.--Texarkana
Apr. 25, 2007, no pet.) (mem. op., not designated for publication). 

 We deny the petition for writ of mandamus. 



 Bailey C. Moseley

 Justice


Date Submitted: October 9, 2008

Date Decided: October 10, 2008